## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

JAMES SCARBOROUGH,

      Plaintiff,

v.                           Case No.  5:18-cv-270-MCR/MJF

CENTURION, et al.,

      Defendants.

_____/

## ORDER

This *pro se* civil rights action is before the court for preliminary screening of Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A. (Doc. 1). From a review of the complaint, it is evident that the facts as presented fail to state a facially plausible claim for relief against the named Defendants. This court, therefore, will provide Plaintiff an opportunity to clarify his allegations in an amended complaint.

## I.    Duty to Review Complaint

This court is statutorily required to review the complaint to determine whether this action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B). To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citation omitted). A claim is

plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950. The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1950. And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1951. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at

1950. In civil rights cases, "[m]ore than mere conclusory notice pleading is required . . . A complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation marks and alteration omitted).

## II.    Plaintiff's Allegations

Plaintiff named three Defendant: (1) Centurion Medical; (2) Dr. A. Cordero, a medical provider at the Northwest Florida Reception Center and; (3) Barbara Blocker, a medical provider at the Northwest Florida Reception Center. (Doc. 1 at 2). Plaintiff alleges that the Defendants were deliberately indifferent to a serious medical need, in violation of the Eighth Amendment to the United States Constitution. (*id.* at 7).

In 2008, prior to his incarceration, Plaintiff suffered a dog bite that required three surgeries on his leg and a skin graft. Prior to his incarceration, Plaintiff's leg had become infected and he placed on antibiotics. (*id.* at 5 ¶ 1).

In 2017, Plaintiff was transferred to the Northwest Florida Reception Center. (Doc. 1 at 5 ¶ 2). He was placed on antibiotics and sent to Lake Butler, allegedly for surgery that never occurred. At some point, Plaintiff was sent back to the Northwest Florida Reception Center. (*id.*).

Plaintiff contends that when he finally received surgery the physician "just tried to attach that part that's loose back to the leg over the infection . . . not removing

it [the infection]." (*id.* at ¶ 3). Notably, Plaintiff does not clearly identify the surgeon.

Plaintiff alleges that "when they removed the stitches that part that is just hanging

there come apart from my leg and when it did it had a foul order of rot under it with

puss." (*id.* at 6 ¶ 4). Plaintiff continued to receive antibiotics and a six-month

bandage change. (*id.*). Plaintiff alleges that a Nurse McKey told him that "they" are

just going to "let it be" until it gets so bad that Plaintiff can no longer handle the pain

and then "cut it off that will be cheaper." (*id.* at ¶ 6).

Notably, Plaintiff failed to provide the following important information:

- The approximate date he was first arrived at the Northwest Florida Reception Center.

- The approximate date he was sent to Lake Butler, purportedly for surgery.

- The date he was sent back to the Northwest Florida Reception Center from Lake Butler.

- The approximate date he was sent back to Lake Butler (apparently for a second time).

- The approximate date he was sent back to the Northwest Florida Reception Center from Lake Butler (possibly a third time).

- The approximate date Dr. Ong treated the Plaintiff.

- The location where Dr. Ong Treated Plaintiff (it may have been at the Northwest Florida Reception Center, Lake Butler, or some other place).

- The type of treatment Dr. Ong provided.

- The approximate date that the stitches were removed and the person who removed his stitches.

- Dr. Cordero's role in any medical treatment and any deprivation of Plaintiff's rights.

- Barbara Blocker's role in any medical treatment and deprivation of Plaintiff's rights.

- The approximate dates that the Plaintiff had a serious medical need.

- How each defendant knew that Plaintiff had a serious medical need.

- The approximate date that each Defendant knew of Plaintiff's medical need.

- What each defendant should have done to address Plaintiff's serious medical need.

- The reasons, if any, given by medical personnel for the course of antibiotic treatment.

- The names of persons to whom the Plaintiff complained, if any, about the course of medical treatment, and the approximate date each complaint was made.

- The approximate dates of any complaints that Plaintiff made about his medical treatment or lack thereof.

- The response Plaintiff received when he complained about the course of treatment.

- What Plaintiff believes should have been the course of treatment for his allegedly serious medical need.

## III.  Discussion

The complaint fails to state a claim against the named Defendants because it fails to show deliberate indifference to a serious medical need. To state a claim of deliberate indifference to a serious medical need, a Plaintiff must allege the following facts:

(1) he had a serious medical need;

(2) the defendant was deliberately indifferent to that need; and

(3) there is a causal connection between the defendant's act or omission and the constitutional deprivation.

*Melton v. Abston*, 841 F.3d 1207, 1220 (11th Cir. 2016); *Mann. v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009); *Rodriguez v. Sec'y for the Dep't of Corr.*, 508 F.3d 611, 625 (11th Cir. 2007); *Taylor v. Adams*, 221 F.3d 1251, 1258 (11th Cir. 2000).

Here, Plaintiff alleges the Defendants were deliberately indifferent to his serious medical need because they prescribed antibiotics instead of surgically removing the infection in his leg. This is not a sufficient allegation of deliberate indifference. "Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Farrow v. West*, 320 F.3d 1235, 1245-46 (11th Cir. 2003) (citing *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)); *Taylor*, 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need").

Plaintiff fails to allege facts showing that Defendants knew prescribing antibiotics would be insufficient to treat his infection. In fact, Plaintiff himself acknowledges that, prior to his incarceration, he was frequently given antibiotics for the exact same reason. (Doc. 1 at 5 ¶ 1). Thus, it appears that Plaintiff simply disagrees with the medical judgment of the Defendants. Plaintiff provides no other facts regarding the decision to follow one course of treatment over another. To show deliberate indifference a plaintiff must allege more than a mere disagreement with the medical care he received. *Delaughter v. Woodall*, 909 F.3d 130, 136 (5th Cir. 2018) (observing that "mere disagreement with one's medical treatment is insufficient to show deliberate indifference"); *Requena v. Roberts*, 893 F.3d 1195,

1216 (10th Cir. 2018) (holding that a mere disagreement as to medical treatment "does not state an Eighth Amendment claim"). A "simple difference in medical opinion" does not state a deliberate indifference claim. *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 2007). A medical decision not to pursue a particular course of treatment "is a classic example of a matter for medical judgment," an exercise of which "does not represent cruel and unusual punishment." *See Estelle v. Gamble*, 429 U.S. 97, 107, 97 S. Ct. 285, 293 (1976); *see also Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1575 (11th Cir. 1985).

Plaintiff also indicates that he received medical care for his infection—including the administration of antibiotics and bandage changes, and some medical procedure that results in sutures—and was placed in the infirmary. (Doc. 1 at 6, ¶ 4). He has not alleged facts indicating indifference to his medical need. When an inmate received "medical attention and the dispute is over the adequacy of the treatment, federal courts generally are reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (1st Cir. 1981); *see Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (holding that "a simple difference in medical opinion between the prison's medical staff and the inmate" as to the course of treatment does not support a claim of deliberate indifference); *Hamm*, 774 F.2d at 1575 (holding that mere fact an inmate desires a different mode of medical treatment does not amount to deliberate

indifference). Thus, when an inmate has received medical treatment, there will be a violation of the Eighth Amendment, only when the treatment was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris*, 941 F.2d at 1505; *Waldrop*, 871 F.2d at 1033; *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986).

Plaintiff, therefore, has failed to state a viable claim against the named Defendants

## IV.    Voluntary Dismissal or an Amended Complaint

Plaintiff should carefully consider the defects in his complaint identified above. In light of the obvious defects in his claims, Plaintiff must ask himself: "Can I allege sufficient truthful facts in an amended complaint to state a cause of action under the relevant law?" If Plaintiff does not have a good-faith belief that he can state a facially plausible claim, he should file a notice of voluntary dismissal.[1]

On the other hand, if Plaintiff chooses to proceed with this action, he must:

(1) completely fill out a new civil rights complaint form;

(2) mark the new civil rights complaint form as his "**Amended Complaint**;"

---

[1] A prisoner who has had three or more cases or appeals *involuntarily* dismissed as frivolous, malicious, or for failing to state a claim on which relief may be granted cannot proceed *in forma pauperis*, unless he demonstrates he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

(3) place each Defendant's name in the style of the case on the first page of the complaint form;

(4) include each Defendant's addresses and employment position in the "Parties" section of the form;

(5) in the "Statement of Facts" section, clearly describe how each named Defendant was involved in the alleged constitutional violation;

(6) use separately numbered paragraphs to set forth allegations as to each Defendant named in the Amended Complaint;

(7) include specific dates and times of their alleged acts;

(8) if Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his amended complaint;

(9) in the section entitled "Statement of Claim," Plaintiff must state what rights under the Constitution or laws of the United States have been violated, and he must provide support in the statement of facts for the claimed violations; and

(10)   Plaintiff's demand for relief should be limited to what he can plausibly prove and recover under the relevant law.

Plaintiff is also advised that his amended complaint must contain all of the allegations he would like to present, because once an amended complaint is filed, all

earlier complaints and filings are disregarded and matters not set forth in the amended complaint are deemed to have been abandoned. N.D. Fla. Loc. R. 15.1; *see also Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (noting that an "amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a party of the pleader's averments against his adversary.") (quoting *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted)); *Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").

## V.    Conclusion

Accordingly, it is **ORDERED** that:

1.     The clerk of court shall forward to Plaintiff a civil rights complaint form for use by prisoners in actions filed under 42 U.S.C. § 1983. This case number should be written on the form.

2.     Within **THIRTY (30) DAYS** from the date of this order, Plaintiff shall either:

    (a) file a notice of voluntary dismissal under Rule 41(a)(1)(A)(i); or

(b) file an amended civil rights complaint in compliance with this order, which shall be typed or clearly written, submitted on the court form, and marked "**Amended Complaint**."

3.      Failure to comply with the directions set forth above likely will result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, and failure to state a claim upon which relief may be granted.

        **SO ORDERED** this 21st day of May 2019.

                                        /s/ *Michael J. Frank*
                                        **Michael J. Frank**
                                        **United States Magistrate Judge**